## DURESS IN OBTAINING SIGNATURE OF PARENT.

Circuit Court of Cuyahoga County.

THE MAXWELL-ROLF STONE COMPANY v. JOHN P. WHIGHAM.

Decided, November 18, 1912.

*Contracts—Evidence—Threats to Have Son Arrested Amount to Duress
—When Defendant Has Right to Open and Close—Testimony as to
Effect of Acts Alleged to be Duress Competent.*

1. A contract in order to be valid and binding must be the result of
the free assent of the parties making it, and where a father is
coerced into signing an instrument guaranteeing the payment of
the amount of a defalcation by his son, by threats of the arrest and
prosecution of the son for embezzlement if such guaranty is not
given, the guaranty may be avoided on the ground of duress.
2. Where an answer admits all the averments of a petition which are
necessary to state a cause of action and sets up new matter as a
defense, the burden of proof rests upon the defendant, and it is
his right to open and close.
3. In an action upon a written instrument, to which the defendant
alleges his signature was secured by duress by threats to have
his son arrested, the effect of the threats upon the defendants was
a question of fact and it was competent for him to testify that he
would not have signed the instrument sued upon if the threats
had not been made.

*W. J. Patterson*, for plaintiff in error.
*Ong & Mansfield*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The parties stand here as in the court below.

The plaintiff sought to recover the sum of $10,633.22 with in-
terest, basing its claim on a written instrument signed by the
defendant, and reading as follows:

"In consideration of the sum of one dollar to me in hand paid
by the Maxwell-Rolf Stone Co., a corporation of Cleveland, Ohio,
I hereby guarantee the payments to the Maxwell-Rolf Stone Co.
of all such amounts of money as the books of said company may,
on examination and audit, show to be due it from my son, J. C.
Whigham. Such audit to be made without delay and my said
son to be allowed opportunity to see the books of said company

at the company's office. I to have 60 days' time in which to pay the amount so found due after the said audit is completed; the said 60 days' time to be taken as a further consideration for the making of this guaranty by me.''

This instrument was signed by the defendant after it had been discovered by the plaintiff that J. C. Whigham, the defendant's son, who was in the employ of the plaintiff as agent and book-keeper, had received and converted to his own use large sums of money belonging to the plaintiff. The amount of the shortage was subsequently ascertained by an audit to be the amount sued for. The defendant does not dispute these figures.

The defense was based upon the claim that the defendant was coerced into signing the instrument sued on by threats of the officers of the plaintiff company that unless he signed it they would at once cause his son to be arrested and prosecuted for embezzlement. He alleges that he was told that an officer of the law was waiting outside the office of the company where the transactions took place, to arrest his son, and that by reason of the fear induced by the threatened arrest of his son, he was unable to exercise his own free will, and signed the instrument.

The defendant further claims that the plaintiff agreed that if he would sign the instrument sued on, the prosecution and imprisonment of his son should not take place, and this is relied on by him to establish the illegality of the agreement.

The verdict was for the defendant. The plaintiff's motion for a new trial having been overruled and judgment entered on the verdict, this proceeding in error is prosecuted to secure a reversal.

The law is too clearly established to require any citation of authorities, that an agreement made in consideration of a forbearance to prosecute one accused of a crime can not be enforced.

If threats made by officers of the plaintiff to prosecute the son of the defendant operated to deprive him of his free will power, and, as a result, he signed the agreement, he is not bound thereby, regardless of whether there was a promise to forbear prosecution.

In *Williamson-Halsell-Frazier Co. v. Ackerman et al,* 20 L.R. A.(N.S.), 484 (77 Kan., 502), it was held:

"A contract in order to be valid and binding, must be the result of the free assent of the parties making it, and· where a father is coerced into executing a mortgage to secure the payment of a defalcation of his son by threats of the arrest and prosecution of the son for embezzlement if such security is not given, the mortgage may be avoided on the ground of duress."

This we conceive to be the law applicable to the second defense set up in the amended answer.

There was evidence tending to sustain the defenses of the defendant, and the case, in our opinion, calls for no interference with the judgment on account of the verdict not being sus-tained by sufficient evidence.

It is contended by counsel for plaintiff in error that the court erred in its ruling that the defendant had the opening and closing.

By the amended answer all the essential averments of the petition entitling the plaintiff to recover, in the absence of affirmative defenses, were admitted, except possibly the amount of the shortage, and in open court at the beginning of the trial, counsel for defendant admitted this to be as stated in the petition. It was therefore incumbent on the defendant to assume the burden of producing evidence in support of his affirmative defenses. He was entitled to open and close, and the court committed no error in the ruling complained of.

Another ground of error relied on is error in the admission of evidence. The court, over the objection of the plaintiff, permitted the defendant to answer the question :

"Mr. Whigham, can you state to the jury whether if Mr. Maxwell had not made the statement to you about arresting your son, as you have related it to the jury, can you state to the jury, whether, if that had not been said, you would or would not have signed the contract in suit?"

The answer was:

"I undoubtedly would never have signed it, by no means."

Whether or not the act of the defendant in signing the instrument in question was the result of duress or coercion, was a

question involved in one of the defenses.    The influences that operated upon the mind and will of the defendant was the proper subject-matter of inquiry.    The defendant might properly testify what influence controlled his act.

The jury would not be bound to take his statement on this subject as final, but it was proper testimony on a question which was to be determined by the jury in the light of all the circumstances shown by the evidence.

The same principle controls the competency of this testimony as is stated in *Grever & Sons* v. *Taylor et al,* 53 O. S., 621, in paragraph 2 of the syllabus, which reads as follows:

"Whether representations as to his pecuniary circumstances made by the purchaser to the seller of goods, at one time in order to obtain credit, influenced the seller in making a like sale to the same party at a subsequent time, is a question of fact; and, in such case, it is competent for the seller to testify that they did.    But the fact is to be determined by the jury in view of all the circumstances; as, also, whether there was such fraud in the subsequent sale as to entitle the seller to recover the property on the ground that the information given in the first instance was false."

No error prejudicial to the plaintiff in error has been brought to our attention, and the judgment is affirmed.